

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| In the Interest of: A.L.D., | ) | No. ED109679 |
| | ) | |
| | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| | ) | |
| | ) | Cause No. 20SL-JU00183 |
| | ) | |
| | ) | Honorable Sandra Farragut-Hemphill |
| | ) | |
| | ) | Filed: August 9, 2022 |

## Introduction

A.L.D. appeals from the circuit court's judgment ordering A.L.D. released from the juvenile court and transferred for prosecution as an adult under general law. A.L.D. argues, first, that the circuit court plainly erred by conducting the certification hearing virtually via video conference and, second, that the court abused its discretion in certifying A.L.D. to be prosecuted as an adult under general law.

Based on controlling caselaw, we reverse the judgment and remand the case to the circuit court for an in-person certification hearing.

## Facts and Procedural History

The Juvenile Officer filed petitions alleging that Appellant A.L.D., a juvenile, came within the purview of the juvenile court pursuant to Section 211.031.1, because he violated state

law.[1] More specifically, the petitions alleged that A.L.D. committed the offenses of Assault Fourth Degree, Unlawful Use of a Weapon – Exhibiting, Burglary First Degree, Tampering First Degree, Harassment First Degree, and Stealing. The Juvenile Officer ultimately dismissed the offenses of Unlawful Use of a Weapon, Harassment, and Stealing. A.L.D. admitted the remaining offenses, and the circuit court found them beyond a reasonable doubt and placed A.L.D. on probation.

The Juvenile Officer moved to modify the disposition and further alleged that A.L.D. committed the offenses of Robbery First Degree, Kidnapping First Degree, Rape First Degree, and Sodomy First Degree. The Juvenile Officer separately moved to dismiss the petition to allow for prosecution of A.L.D. as an adult under general law pursuant to Section 211.071.

On March 5, 2021, the circuit court gave notice to the parties and their counsel that the certification hearing would be held virtually via video conference because of the COVID-19 pandemic. On March 18, 2021, the court conducted a virtual certification hearing at which all parties, counsel, and witnesses appeared by two-way video conference. Though A.L.D. did not object to this procedure, there is no record of a voluntary, knowing, and intelligent waiver by A.L.D. of his confrontation and due process rights.

On May 17, 2021, the circuit court entered an order and judgment granting the Juvenile Officer's motion to dismiss the petition to allow for prosecution of A.L.D. as an adult under general law. The court ordered A.L.D. released from the juvenile court and transferred for prosecution as an adult under general law.

In the meantime, in January 2022, the Supreme Court of Missouri decided a trio of cases considering court proceedings, including juvenile adjudication hearings, conducted virtually to

---

[1] All Section references are to the Revised Statutes of Missouri (2016).

some extent or another via two-way video conference. The Court held, in the circumstances presented in those cases, the virtual proceedings violated the appellants' constitutional rights to confrontation and due process. *See C.A.R.A. v. Jackson Cty. Juv. Off.*, 637 S.W.3d 50, 65-66 (Mo. banc 2022); *J.A.T. v. Jackson Cty. Juv. Off.*, 637 S.W.3d 1, 10 (Mo. banc 2022); *State v. Smith*, 636 S.W.3d 576, 587 (Mo. banc 2022).

Guided by the Supreme Court's decision in *J.A.T.*, this Court followed in May 2022 with *Interest of C.A.M., Jr.*, 644 S.W.3d 600, 606 (Mo. App. E.D. 2022). In *C.A.M.*, we held the circuit court committed plain error by conducting the certification hearing virtually, without the juvenile's physical presence in court. 644 S.W.3d at 603, 607-08; *see also Interest of I.J.*, 644 S.W.3d 613 (Mo. App. E.D. 2022) (holding juvenile's participation in hearing remotely by video conference due to COVID-19 restrictions violated confrontation right).

A.L.D. now appeals.

**Discussion**

In Point I, A.L.D. argues the circuit court committed plain error by conducting the certification hearing virtually, without A.L.D.'s physical presence in court. He argues that procedure violated A.L.D.'s confrontation and due process rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, Article I, section 10, of the Missouri Constitution, and Section 211.071. In Point II, A.L.D. argues the circuit court abused its discretion in certifying A.L.D. to be prosecuted as an adult. In light of *C.A.M.*, the Juvenile Officer concedes that he "does not believe he has any information that would benefit this Court" and opted not to present argument.

*C.A.M.* is controlling. There, as here, the juvenile appeared at the certification hearing by two-way video conference and was not physically present in court. 644 S.W.3d at 604. In each

case, the juvenile admittedly did not object to that procedure, but the record lacks any indication of a voluntary, knowing, and intelligent waiver of the rights to confrontation and due process. *Id.* at 607. In *C.A.M.*, we reviewed for plain error and held the virtual certification hearing violated the right, grounded in the guarantees of confrontation and due process, to be physically present at a critically important stage of the proceedings. *Id.* at 605-08. We are compelled to do the same here.

The circuit court, lacking this most recent guidance from the Supreme Court and this Court, committed plain error by conducting A.L.D.'s certification hearing virtually, without A.L.D.'s physical presence in court, during the pandemic. Given our grounding here in both state and federal rights, particularly apropos are Judge Fischer's admonition on behalf of the *J.A.T.* Court, "Neither the United States Constitution nor the Missouri Constitution are entitled to take 'sick days,'" 637 S.W.3d at 10, and Justice Scalia's observation in another context, "Virtual confrontation might be sufficient to protect virtual constitutional rights; I doubt whether it is sufficient to protect real ones," *Order of the Supreme Court*, 207 F.R.D. 89, 94 (2002) (statement of Scalia, J.).

We reverse and remand to the circuit court for an in-person certification hearing at which A.L.D. is physically present in the courtroom and may confront the witnesses against him. Because Point I is dispositive, we do not address A.L.D.'s argument in Point II that the circuit court abused its discretion in certifying A.L.D. for prosecution as an adult. The circuit court will determine anew at an in-person certification hearing whether or not A.L.D. should be certified as an adult.

**Conclusion**

Pursuant to controlling caselaw, the judgment is reversed and the case is remanded to the circuit court for an in-person certification hearing consistent with this opinion.

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and

John P. Torbitzky, J., concur.